UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Laura A. MacIntyre, | Civ. No. 12-1514 (PAM/SER) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Lender Processing Services, Inc., | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Dismiss. For the reasons that follow, the Motion is granted.

**BACKGROUND**

Plaintiff Laura MacIntyre was a senior executive with Defendant Lender Processing Services, Inc. ("LPS"), and from 2006 to November 2011 she was the Chief Operating Officer for one of LPS's divisions. MacIntyre executed an employment agreement with LPS in 2007 that expired in March 2010. The President of the business, Gregory Whitworth, extended the employment agreement through the end of 2010, and MacIntyre continued to receive salary and bonuses as provided in the agreement. In 2011, Whitworth and LPS's Executive Vice President and COO, Dan Scheuble, told MacIntyre that the terms of the employment agreement would continue through 2011.

In October 2011, MacIntyre learned that she would have new job duties, but did not learn what those job duties would be. In November 2011, LPS presented MacIntyre with a new employment agreement, including a new non-competition agreement. MacIntyre

refused to sign the new non-compete without additional compensation; shortly thereafter she was fired.

In December 2011, MacIntyre brought a lawsuit in Dakota County alleging that LPS failed to pay her the bonuses to which she was entitled under the employment agreement. Her claims in that lawsuit include breach of contract, promissory estoppel, a violation of Minn. Stat. § 181.13, and unjust enrichment. Rather than answering the complaint in that lawsuit, LPS instead brought its own lawsuit in Florida state court asserting that the employment agreement expired in 2010 and thus that MacIntyre had no claim for any payments under an expired employment agreement.

In February 2012, MacIntyre asked the Dakota County court for an anti-suit injunction against the Florida litigation. The Dakota County court issued the injunction, finding that the forum selection clause in the employment agreement was unreasonable and unenforceable.

On April 5, 2012, MacIntyre filed a charge of discrimination with the Equal Employment Opportunity Commission contending that LPS consistently promoted underperforming males ahead of better-performing females, paid males more than females, and gave males more generous bonuses and severance packages than it gave females. She received a right-to-sue letter in June 2012, but rather than seeking to amend her complaint in the Dakota County lawsuit to raise employment discrimination claims, she instead brought a separate lawsuit asserting those claims, under both Title VII and the Minnesota Human Rights Act. LPS removed that lawsuit to this Court, and now moves to dismiss claiming that

MacIntyre is engaged in improper claim-splitting. In the alternative, LPS contends that Minnesota is an improper venue because of the forum-selection clause in the employment agreement and because Florida is a more convenient forum.

MacIntyre asks the Court to preclude LPS from arguing here that the two lawsuits are improperly splitting her claims because LPS refused to stipulate to an amendment of the first Minnesota complaint to add the discrimination claims. But LPS provided the letters and e-mails between the lawyers regarding a possible amendment, and MacIntyre's contentions do not tell the whole story. Rather, MacIntyre asked LPS to stipulate to an amendment and LPS said that it would not oppose a motion to amend but would not sign a stipulation. MacIntyre's lawyer then told LPS that he was inclined to keep the lawsuits separate, and that was the end of the matter.

**DISCUSSION**

For purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court takes all facts alleged in the complaint as true. See Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court must construe the factual allegations in the complaint and reasonable inferences arising from the complaint favorably to the plaintiff and will grant a motion to dismiss only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986) (citations omitted). The complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**A.      Claim-Splitting**

Although related to res judicata, the judge-made prohibition against claim-splitting is slightly different from that well-known doctrine, in no small part because the application of res judicata depends on a final judgment in one action, whereas the defense of claim-splitting is made during the pendency of both related cases. But the principles of res judicate illuminate the claim-splitting determination. If the remedy the defendant seeks is dismissal without prejudice, the claim-splitting analysis need not include a determination that all of the claims in the second lawsuit would be precluded under res judicata, but if the defendant asks for dismissal with prejudice, the Court should analyze whether res judicata would preclude the claims in the second suit. See Brown-Wilbert, Inc. v. Copeland Buhl & Co., 732 N.W.2d 209, 223 (Minn. 2007) ("We have not found any cases that have approved a dismissal with prejudice of an action based on a defense of claim splitting where res judicata would not also apply."). Here, a dismissal without prejudice would have the same practical effect as a dismissal with prejudice, because the limitations period on MacIntyre's Title VII claim has run and she therefore is barred from bringing that claim.

MacIntyre's decision to bring her claims in two separate lawsuits constitutes improper claim-splitting. She argues that her claims are different because her first lawsuit depends on the terms of the employment agreement but her second lawsuit does not depend on the existence of any employment agreement. This small difference, though, is irrelevant in the res judicata analysis. There can be no doubt that, had MacIntyre's first lawsuit been litigated

to judgment, she would be precluded from thereafter bringing her discrimination claims: "When a valid and final judgment rendered in an action extinguishes the plaintiff's claim . . . , the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Restatement (2d) of Judgments § 24(1). Thus, "a party to court litigation may not split a cause of action . . . . This rule applies equally to bringing two lawsuits with slightly different theories of recovery." Charboneau v. Am. Family Ins. Co., 491 N.W.2d 19, 21 (Minn. 1992). Or, as the Eighth Circuit puts it, res judicata bars a plaintiff from bringing in a second action claims that "were raised or could have been raised in the prior suit" or whether the claims arise out of the "same nucleus of operative facts as the prior claim." Lane v. Peterson, 899 F.2d 737, 741, 742 (8th Cir. 1990).

Thus, for example, when a plaintiff first brought employment discrimination claims under Title VII and then later brought a new lawsuit asserting that the employer's conduct violated the Labor Management Relations Act, the Eighth Circuit found the second case precluded under res judicata. Banks v. Int'l Union Elec., Elec., Tech., Salaried & Mach. Workers, 390 F.3d 1049, 1052-53 (8th Cir. 2004). "[R]eliance . . . on different substantive law and new legal theories does not preclude the operation of res judicata." Id. at 1052 (quoting Lane, 899 F.2d at 744); see also Brzostowski v. Laidlaw Waste Sys., Inc., 49 F.3d 337, 338 (7th Cir. 1995) (finding that employee's state-court breach-of-employment-contract action precluded a subsequent Age Discrimination in Employment action in federal court).

Similarly, an employee could not allege breach of a collective bargaining agreement in one action and in a separate action allege wrongful discharge and related claims, because "[t]he doctrine of claim preclusion provides that a 'final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or <u>could have been</u> raised in that action.'" <u>Biermann v. United States</u>, 67 F. Supp. 2d 1057, 1060 (E. D. Mo. 1999) (quoting <u>Plough v. W. Des Moines Comm. Sch. Dist.</u>, 70 F.3d 512, 514 (8th Cir. 1995)) (emphasis in <u>Biermann</u>).  Here, as in <u>Biermann</u>, "Plaintiff[ has] merely presented different legal claims which spring from the same set of facts." <u>Id.</u>

MacIntyre also argues that she was bound to bring a second lawsuit raising her discrimination claims because of a 2003 Eighth Circuit decision holding that a denial of a motion to amend was a decision on the merits, forever barring the plaintiff from raising the claims in the proposed amended pleading.  MacIntyre contends that, to protect her interests, she had to bring her discrimination claims in a separate lawsuit.  But even if a Minnesota state court would follow this federal procedural decision, MacIntyre could have sought to consolidate her discrimination claims with her already-filed state-court case, or in conjunction with filing the second lawsuit, she could have asked to amend the already-filed complaint to include the discrimination claims.  And given LPS's statement that it would not contest an amendment, it seems likely that a motion to amend would have been granted had MacIntyre brought such a motion.

MacIntyre's failure to consolidate the two complaints or to amend her first complaint to add the discrimination claims is claim-splitting.  Her second complaint must therefore be

dismissed, and she must seek to amend her state-court pleading to include those claims.[1] As noted, LPS asks for a dismissal without prejudice, but in the procedural posture of this case, a dismissal without prejudice as to MacIntyre's Title VII claims operates as a dismissal with prejudice because the statute of limitations on those claims has run. To prevent injustice, therefore, the Court will equitably toll the statute of limitations on MacIntyre's Title VII claims. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (noting that statute of limitations in Title VII cases is subject to equitable tolling). MacIntyre's claims were timely filed with this Court, and that timely filing will carry over to the claims in an amended state-court complaint. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990) (stating that Court allows equitable tolling "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period"). MacIntyre's Title VII claims, whether in this case or in an amended state-court pleading, are therefore deemed timely filed.

**B.     Improper Venue/Forum Non Conveniens**

Given the Court's conclusion that MacIntyre's claims in this lawsuit must be pursued in her first-filed state lawsuit, the improper venue and forum non conveniens arguments are moot.

---

[1] The Court expects that LPS will not oppose MacIntyre's motion to amend in state court.

**CONCLUSION**

Plaintiff has improperly split her claims.  Her Complaint must therefore be dismissed, but she must first be given the opportunity to amend her state-court complaint to include those claims.  Accordingly, **IT IS HEREBY ORDERED that**:

1. The statute of limitations on Plaintiff's Title VII claims is equitably tolled so that an amended pleading raising those claims in state court shall be deemed timely filed;

2. Defendant's Motion to Dismiss (Docket No. 6) is **GRANTED**; and

3. The Complaint (Docket No. 1-2) is **DISMISSED without prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Monday, October 15, 2012

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge